UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:23-cv-00937-AB (SHK) | Date: | June 13, 2023 |
|---|---|---|---|
| Title: | Ohre Emmet Leyva v. Riverside County Superior Court | | |

| Present: The Honorable | SHASHI H. KEWALRAMANI, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to the Failure to Exhaust

## I. INTRODUCTION

On May 23, 2023, Petitioner Onre Emmet Leyva ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 (the "Petition" or "Pet."). Electronic Case Filing Number ("ECF No.") 1, Pet. For the reasons set forth in this Order to Show Cause ("OSC"), the Court orders Petitioner to show cause why the Petition should not be dismissed due to Petitioner's failure to exhaust his state court remedies. Specifically, it does not appear that Petitioner raised any of the claims alleged in the pending Petition before the California Supreme Court and it does not appear that Petitioner is seeking a stay of his Petition in this Court. ECF No. 1, Pet. at 5, 9-10. However, as the Petition appears to be fully unexhausted, the Court can grant a stay only if Petitioner satisfies the requirements set forth in Rhines v. Weber, 544 U.S. 269 (2005), which Petitioner has not done in the pending Petition. The Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to demonstrate that he has exhausted all of his claims, or a final determination as to whether he is entitled to a stay under Rhines without giving Petitioner an opportunity to make that showing.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II. BACKGROUND

In his Petition, Petitioner challenges his conviction and sentence for criminal threats causing great bodily injury/death, misdemeanor battery, and misdemeanor child abuse/neglect. ECF No. 1, Pet. at 2. It was also found true that Petitioner had suffered a second strike and prior felony conviction of a serious offense. Id. Petitioner was sentenced to nine years in state prison. People v. Leyva, 2022 WL 18392 (Cal. Ct. App. Jan. 3, 2022).

Petitioner purports to raise five grounds for relief, although the first "Ground" for relief actually appears to be a request for a stay. ECF No. 1, Pet. at 5-6. In "Ground" One, Petitioner requests a stay until a decision is issued by the California Supreme Court, claiming that he has submitted evidence of his innocence to that court. Id. at 5. In Ground Two, Petitioner claims that there is evidence of a "tampered police report," discovery, court documents, and testimony showing malicious intent and prosecution. Id. at 5-6. In Ground Three, Petitioner claims that the state used a "2011 strike prior criminal threat to illegally search and seize falsified police reports to create and control [the] narrative." Id. at 6. In Ground Four, Petitioner claims that "Officer Puenes initialed a 4-5 page stolen vehicle report, wiped out and a supplemental report shows tampered, falsified evidence." Id. at 6. In Ground Five, Petitioner claims the prosecution suppressed his "truth in discovery" and used a statement and a 2011 strike prior to maliciously prosecute him. Id.

Petitioner filed a direct appeal in his case, which was denied by the California Court of Appeal on January 3, 2022.[2] People v. Leyva, 2022 WL 18392 (Cal. Ct. App. Jan. 3, 2022). Petitioner's counsel then filed a Petition for Review to Exhaust State Remedies, wherein no claims were raised. ECF No. 1, Pet. at 61-64. That Petition was denied on March 9, 2022. Id. at 57.

Petitioner claims that he filed a petition for writ of habeas corpus in the superior court in May 2022, which was denied on June 27, 2022.[3] ECF No. 1, Pet. at 4-5. Next, Petitioner claims that he filed habeas corpus petitions in the California Supreme Court on June 5, 2022, June 18, 2022, and August 17, 2022, under Case No. S272966, however, the California Courts Case Information Website reflects another defendant's name under that case number. Under Case No.

---

[2] This appeal was filed after an appeal filed on October 10, 2020, which was dismissed as premature on November 4, 2020.
https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=2331517&doc_no=E075948&request_token=NiIwLSEmLkw5WzAtSSFdWEJJUEg6UlxbJCNOIz5RMCAgCg%3D%3D (last accessed on June 8, 2023).
  The Court takes judicial notice of the California Court docket, pertaining to Petitioner. See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

[3] This Court has been unable to verify this filing. It is not clear what claims were raised but it appears to have been denied on procedural grounds according to Petitioner. ECF No. 1, Pet. at 5.
  Petitioner does append to his Petition a "notice of appeal" filed in the superior court on September 16, 2020, but it is not clear what he was challenging on this appeal other than some "order or judgment" entered on July 16, 2020. ECF No. 1, Pet. at 13. The Court can find no record of a denial of this filing.

S2729**96**, the website reflects only the filing of the Petition for Review referenced above and the denial of that Petition. https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2374578&doc_no=S272996&request_token=NiIwLSEmLkw5WzAtSSFdTE1JQFQ0UDxTJCI%2BIzNSUCAgCg%3D%3D (last accessed June 8, 2023). Petitioner did append to his Petition a document that appears to be a letter sent to the California Supreme Court, which is stamped "received" on July 5, 2022 by the Clerk of the Supreme Court. ECF No. 1, Pet. at 11-12. The document does not appear to have been filed or treated as a habeas petition. Based on its search of the California Courts Case Information website, the Court can find no record of the filings Petitioner refers to with the filing dates of on June 5, 2022, June 18, 2022, and August 17, 2022 in the California Supreme Court.

The California Courts Case Information website reflects a habeas petition filed in the California Court of Appeal on September 13, 2022 and denied on December 7, 2022. https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=2402612&doc_no=E079769&request_token=NiIwLSEmLkw5WzAtSSFdWEhJUDw6UlxbJCBOWzxRICAgCg%3D%3D (last accessed on June 8, 2023); see also ECF No. 1, Pet. at 51 (denial order).[4]  As the petition is not attached, the Court does not know which claims were raised in this petition.

Finally, searching by Petitioner's first and last name (Onre Leyva)[5] on the California Courts Case Information website, the docket reflects a habeas petition filed in the California Supreme Court on May 26, 2023. It is unclear what claims were raised in this filing and no ruling has issued. https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=2611596&request_token=NiIwLSEmLkw5WzAtSSFdSEpJQEg0UDxTKyJeTztTQCAgCg%3D%3D&start=1&doc_no=S280213&dist=0&search=party&auth=yes (last accessed on June 8, 2023).

### III.  THE PETITION IS UNEXHAUSTED AND SUBJECT TO DISMISSAL

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Habeas petitioners must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

---

[4] Petitioner has appended to his Petition what appears to be a letter to the California Court of Appeal dated August 8, 2022. ECF No. 1, Pet. at 52-55. It is unclear whether this document was ever received by the California Court of Appeal, but it does not appear to constitute a habeas petition in any event.

[5] On the Petition pending in this Court, Petitioner spells his first name "Ohne." The state courts spell his first name "Onre." When the Court searches "Ohre Leyva," in the California Supreme Court or the California Court of Appeal, District 4, Division 2, there are no case matches.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented only if the petitioner has "indicated to the court that [the claim] w[as] based on federal law." Lyons v. Crawford, 247 F.3d 904 (9th Cir. 2001) (as amended). A claim is not exhausted where a state prisoner files a habeas petition with a court but later withdraws it from consideration. Fierro v. Domingo, No. CV 10-9711-GW (E), 2012 WL 692211, at *3 (C.D. Cal. Feb. 28, 2012), adopting Report and Recommendation at 2011 WL 7473763 (C.D. Cal. Oct. 3, 2011) (holding habeas claims unexhausted where a petitioner withdrew his California Supreme Court petition before it ruled on the merits).

Here, although there is a record of the filing of a habeas corpus petition in the California Supreme Court on May 26, 2023, it is unclear what claims were raised in that habeas petition and the California Supreme Court has not ruled on that petition. Petitioner does not contend that his Petition for Review to the California Supreme Court exhausted the claims he currently raises. It appears, then, that Petitioner has not exhausted his claims in state court. Accordingly, at this time, Petitioner's Petition appears to be unexhausted and subject to dismissal.

## IV.    REQUIREMENTS FOR A STAY

The Court presumes that Petitioner, perhaps without knowing it, has actually filed a "protective petition" as described in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) – i.e., he recognized that his federal filing deadline under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") was approaching, and he filed a petition in federal court to preserve that deadline. Under Pace, "[a] prisoner seeking state postconviction relief . . . [may file] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal proceedings until state remedies are exhausted." Id. At the time of filing the federal petition, Petitioner did just that—i.e., he asked for a stay until the California Supreme Court issues a decision. ECF No. 1, Pet. at 5.

There are currently two procedures that allow for a stay. Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. A Kelly stay involves a three-step procedure:
(1) a petitioner amends his petition to delete any unexhausted claims;
(2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and
(3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (citing Kelly, 315 F.3d at 1170-71). A Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." Id. Thus, "Kelly allows the stay of *fully exhausted* petitions, requiring that any unexhausted claims be dismissed." Id. at 1140 (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)). Here, the Kelly procedure is not applicable because Petitioner has no exhausted

claims. As such, were he to amend his petition to delete any unexhausted claims, there would be nothing to stay and hold in abeyance while he exhausted his unexhausted claims.

Under Rhines v. Weber, 544 U.S. 269, 276 (2005), the District Court has discretion to stay a petition to allow Petitioner time to present his unexhausted claims to state courts, including the California Supreme Court. A stay under Rhines can be granted even when the pending habeas federal habeas petition is fully unexhausted. Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Here, based on the information currently before this Court, it does not appear that Petitioner can satisfy the requirements set forth in Rhines. Although it does not presently appear that Petitioner has engaged in dilatory litigation tactics, there has been no showing of "good cause" for the failure to exhaust the claims to date. Second, the nature of the claims is unclear and Petitioner has made an inadequate showing that his claims are based on alleged violations of federal law or the federal constitution. If they are not, they do not raise claims that can be decided on federal habeas review and the Court must find them "plainly meritless." Thus, at a minimum, Petitioner must show that the claims he is attempting to raise are "federal claims" by citing to federal law or the provisions of the federal constitution that he is alleging have been violated.

Before making a final ruling on this issue, the Court will allow Petitioner the opportunity to file a First Amended Petition setting forth his claims with citation to federal law or provisions of the federal constitution he claims have been violated, and by concurrently filing a motion for stay under Rhines that sets forth his arguments as to why he satisfies the requirements for the granting of such a stay. Petitioner is cautioned that he must be clear and precise in setting forth his evidence that he has good cause for his failure to exhaust, in setting forth the exact federal nature of his claims, and in demonstrating that he did not intentionally engage in dilatory litigation tactics.

## V.     ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than July 12, 2023.** Petitioner must respond to this Order by pursuing one of the Options set forth below.

**Option 1: Petitioner May Show That The Petition Is Exhausted:** If Petitioner contends that, by the time of receipt of this Order, his state court remedies are, in fact, exhausted on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that all grounds for relief have been ruled on by the California Supreme Court. **However, Petitioner is cautioned that, as set forth, the claims in the pending federal Petition *do not appear to raise federal claims*. As such, if Petitioner raised the same claims**

**in the pending California Supreme Court habeas petition (i.e., without citation to federal law or the federal constitution), and Petitioner elects to proceed on the Petition in its current form, this Court will likely issue a Report and Recommendation recommending dismissal of the Petition.**

**Option 2: Petitioner May File A First Amended Petition, along with a Motion for Stay under Rhines.**

As set forth, the pending Petition does not cite to federal law or the federal constitution, and it is unclear that the claims raised are actually claims that can be decided on federal habeas review. As such, Petitioner may elect to re-draft his claims in a First Amended Petition to make their federal nature clear.

Further, Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 3: Petitioner May Voluntarily Dismiss Action Without Prejudice:** Petitioner may request a voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if he should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Petitioner is cautioned that if he requests a stay, under Option 2, and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds, under Option 1, and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative, which means that he can ask for Option 1, but if that is not met, Option 2.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute. Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**